08 CV 4231

Richard A. Menchini (6057)
Lindsay H. Tasher
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3200

Attorneys for Defendant
Canadian Commercial Corporation

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



---

ERNESTO and DIANA MIRANDA,

                Plaintiff,

      - against -

ABEX CORPORATION, f/k/a American Brake
Show Company;
ALCOA, INC., Individually and as successor in
interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE
SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL
CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER, n/k/a EATON
ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;

08 Civ. _____( )

**NOTICE OF REMOVAL**

DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
EASTERN REFRACTORIES
CORPORATION;
ENPRO INDUSTRIES, INC., Individually and
as successor in interest to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW
YORK, INC., f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GE AVIATION SYSTEMS LLC;
GARLOCK SEALING TECHNOLOGIES,
LLC;
GENERAL DYNAMICS;
GENERAL ELECTRIC CORPORATION;
GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION,
Individually and as successor in interest to
Consolidated Vultee Aircraft Corporation;
GOODRICH CORPORATION, f/k/a B.F.
Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
Individually and as successor in interest to
Midland-Ross Corporation;
HENKEL CORPORATION;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES,
Individually and as successor in interest to
Hitco;
HONEYWELL INTERNATIONAL, INC.,
f/k/a Allied Signal, Inc. Successor in interest to
the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.,
Individually and as successor in interest to Lear
Seigler, Inc.;
LESLIE CONTROLS, INC., f/k/a/ Leslie
Corporation;

2

LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION
AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL
CORPORATION, Individually and as successor
to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNAFIN CORPORATION;
PNEUMO ABEX CORPORATION,
Individually and as successor in interest to Abex
Corporation f/k/a American Brake Show;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
Individually and as successor in interest to
Allison Engine Company, Inc.;
SEQUOIA VENTURES, INC., f/k/a Bechtel
Corporation;
THE BOEING COMPANY, Individually and as
successor in interest to McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE
CORPORATION, Individually and as successor
in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
Individually and as successor in interest to
United Aircraft Corporation United
Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3M COMPANY, f/k/a Minnesota Mining &
Manufacturing;

Defendants.

PLEASE TAKE NOTICE that, on this date, defendant Canadian Commercial Corporation ("CCC"), by and through its attorneys, Holland & Knight LLP, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1330, 1441, and 1446, and states as follows:

## BACKGROUND

1.    On or about March 25, 2008, plaintiffs Ernesto and Diana Miranda ("Plaintiffs") commenced an action against CCC and numerous other defendants by filing a Complaint in the Supreme Court of the State of New York, County of New York, Index No. 08-104346 (the "State Court Action."). Upon information and belief, the State Court Action is meant to be included in the New York City Asbestos Litigation ("NYCAL") proceedings.

2.    The three-paragraph Complaint filed in the State Court Action adopts "New York Asbestos Litigation Standard Complaint No. 1". CCC did not receive a copy of this Standard Complaint but counsel for CCC has requested a copy from Plaintiffs' counsel.

3.    The Complaint filed in the State Court Action alleges that plaintiff Ernesto Miranda has been diagnosed with "mesothelioma" and, upon information and belief, the Plaintiffs allege, among other things, that plaintiff contracted mesothelioma as a result of exposure to asbestos and asbestos-containing products manufactured and/or sold by the various defendants, including CCC.

4.    As is demonstrated below, the district courts of the United States have original jurisdiction of this civil action pursuant to 28 U.S.C. § 1330 ("Actions against foreign states").

5.    The Southern District of New York embraces the place where the State Court Action is pending.

6.    This Notice of Removal is signed subject to Federal Rule of Civil Procedure 11, and is filed within thirty (30) days of CCC's receipt, through service or otherwise, of a copy of

4

the initial pleading setting forth the claim for relief upon which such action is based, as provided by 28 U.S.C. § 1446.

## SERVICE OF THE SUMMONS AND VERIFIED COMPLAINT

7.    On April 3, 2008, CCC received by certified mail at its offices in Ottawa, Ontario copies of the Summons and Verified Complaint.    True and correct copies of all process, pleadings, and orders received by CCC are annexed as Exhibit A and constitute all process, pleadings and orders served in the State Court Action.

8.    Thirty (30) days have not expired since CCC first received notice of the State Court Action.

## FOREIGN SOVEREIGN JURISDICTION EXISTS

9.    CCC is a Crown corporation of, and wholly owned by, the Government of Canada. A true and correct copy of the Declaration of Legal Status of Canadian Commercial Corporation is annexed as Exhibit B.

10.    CCC is therefore an "agency or instrumentality of a foreign state" within the meaning of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 *et. seq.*

11.    This action is one over which the district courts of the United States have sole and original jurisdiction by reason of the fact that CCC is an agency or instrumentality of a foreign state within the meaning of 28 U.S.C. § 1603(a).    28 U.S.C. § 1330.    Moreover, pursuant to 28 U.S.C. § 1441(d), the claims against CCC shall be heard by this Honorable Court without a jury.

12.    Based upon the foregoing, CCC respectfully submits that removal of the State Court Action by CCC to this Court is permissible pursuant to 28 U.S.C. §§ 1330, 1441, and 1446.

## NOTICE AND RESERVATION OF RIGHTS

13. CCC is not aware of any related matter pending in any other court.

14. In filing this Notice of Removal, CCC does not waive any defenses that may be available to it.

15. CCC, upon filing this Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, will, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and will serve a copy of the same upon Plaintiff as well as all adverse parties in this action.

Dated: May 2, 2008
New York, New York

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
Richard A. Menchini
Lindsay H. Tasher
195 Broadway
New York, NY 10007
(212) 513-3200
Attorneys for Defendant
Canadian Commercial Corporation

To:     Patrick J. Timmins, Esq.
        Levy Phillips & Konigsberg, LLP
        800 Third Ave., 13th Floor
        New York, NY 10022
        Attorneys for Plaintiff

6

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ERNESTO and DIANA MIRANDA,

                    Plaintiffs,

        - against-

ABEX CORPORATION;
f/k/a American Brake Show Company;
ALCOA , INC.,
        Individually and as successor in
        Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
ENPRO INDUSTRIES, INC.
        Individually and as successor in interest
        to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GARLOCK SEALING TECHNOLOGIES, LLC;
GE AVIATION SYSTEMS LLC;
GENERAL DYNAMICS;

Index No: 08 - 104346
DOF: 3/25/08

**SUMMONS**

Plaintiff Designates
NEW YORK COUNTY
as the place of trial

The basis for venue is
Defendant's place of
business

Plaintiff resides at:
1315 Amsterdam Avenue
New York, NY 10027

NEW YORK
COUNTY CLERK'S OFFICE

MAR 25 2008

NOT COMPARED
WITH COPY FILE

00112116.WPD

GENERAL ELECTRIC CORPORATION;
GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
     Individually and as successor in interest
     to Consolidated Vultee Aircraft
     Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
     Individually and as successor in interest
     to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
     Individually and as successor in interest
     to Hitco;
HONEYWELL INTERNATIONAL, INC.
     f/k/a Allied Signal, Inc. Successor
     in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
     Individually and as Successor in
     Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
     f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
     Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;

PNEUMO ABEX CORPORATION
    Individually and as Successor in interest to
    Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
    Individually and as successor in interest to Allison
    Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
    Individually and as successor in interest to
    McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
    Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
    Individually and as Successor in Interest to
    United Aircraft Corporation United
    Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
    f/k/a Minnesota Mining & Manufacturing;
------------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        You are hereby summoned to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete is this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       New York, New York
             March 21, 2008

                          LEVY PHILLIPS & KONIGSBERG, L.L.P.
                          Attorneys for Plaintiffs

                          By:    Patrick J. Timmins, Esq.
                                  800 Third Avenue - 13th Floor
                                  New York, New York 10022
                                  (212) 605-6200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERNESTO and DIANA MIRANDA,

                    Plaintiff,            Index No: 08 - 104 346
                                     DOF: 3/05/08

     - against-

ABEX CORPORATION
f/k/a American Brake Show Company;           **COMPLAINT**
ALCOA , INC.,
        Individually and as successor in
        Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
EASTERN REFRACTORIES CORPORATION;
ENPRO INDUSTRIES, INC.
        Individually and as successor in interest
        to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GE AVIATION SYSTEMS LLC;
GARLOCK SEALING TECHNOLOGIES, LLC;
GENERAL DYNAMICS;
GENERAL ELECTRIC CORPORATION;

GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
      Individually and as successor in interest
      to Consolidated Vultee Aircraft
      Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
      Individually and as successor in interest
      to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
      Individually and as successor in interest
      to Hitco;
HONEYWELL INTERNATIONAL, INC.
      f/k/a Allied Signal, Inc. Successor
      in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
      Individually and as Successor in
      Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
      f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
      Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;
PNEUMO ABEX CORPORATION
Individually and as Successor in interest to
Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
Individually and as successor in interest to

001121 6.WPD

Allison Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
     Individually and as successor in interest to
     McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
     Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
     Individually and as Successor in Interest to
     United Aircraft Corporation United
     Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
     f/k/a Minnesota Mining & Manufacturing;
-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

     Plaintiffs, by their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, for their Complaint, respectfully alleges as follows:

    1.    Plaintiff repeats and re-alleges New York Asbestos Litigation Standard Complaint No. 1 as if fully incorporated herein.

    2.    Plaintiff is a citizen of the State of New York.

    3.    Plaintiff, Ernesto Miranda, has been diagnosed with mesothelioma and meets the minimum requirement for activation into the active docket pursuant to the Case Management Order governing these actions.

Dated:     New York, New York
             March 21, 2008

                            LEVY PHILLIPS & KONIGSBERG, L.L.P.
                            Attorneys for Plaintiffs

                            By:    Patrick J. Timmins
                                    800 Third Avenue - 13th Floor
                                    New York, New York 10022
                                    (212) 605-6200



**Continuum** Cancer Centers of New York

**Division of Thoracic Surgery**

Cliff P. Connery, M.D., Chief

Division of Thoracic Surgery
St. Luke's-Roosevelt Hospital Center
1000 Tenth Avenue, Suite 2B-07
New York, NY 10019
Tel: 212 523 7475
Fax: 212 523 8011

December 19, 2007

Gary Burke, M.D.
1090 Amsterdam Avenue
New York, NY 10025                                   Re: Miranda, Ernesto

Ernesto Miranda had presented with a massive bloody pleural effusion and on evaluation after ultimately undergoing a right thoracoscopy drainage and biopsy, was found to have epithelioid mesothelioma. This mesothelioma appears to be relatively localized and given his age of 56, and good performance status a consideration should be given to undergoing extra-pleural pneumectomy or extended resection and multimodality treatment.

This is a formidable procedure and given the relative rarity of the disease, the experience has been concentrated in just a few centers of excellence. It has been our experience and that of many others that treatment should be delivered surgically by physicians who have dedicated a significant portion of their time, energies, and interest to this disease. We therefore have recommended that Mr. Miranda see Dr. Raja Flores, Thoracic Surgeon at Memorial Sloan-Kettering who has a significant interest and experience in treating patients with this disease.

Dr. Flores has agreed to see Mr. Miranda, and I am confident that Mr. Miranda will have the benefit of his wealth of experience and expertise in this disorder to help choose the best combination of therapies including extra-pleural pneumectomy should that be necessary.

Please advise me if I can be of further assistance in this matter.

Thank you again,

Sincerely,

Cliff P. Connery, M.D.

**Continuum** Health Partners, Inc.



University Hospital and
Manhattan Campus for
the Albert Einstein College
of Medicine



University Hospital of
Columbia University College
of Physicians & Surgeons



University Hospital of
Columbia University College
of Physicians & Surgeons



Primary Clinical Teaching
Affiliate of SUNY—
Health Science Center
at Brooklyn



Affiliated Teaching
Hospital of New York
Medical College

COPY

Roosevelt Hospital
Operative Report

---

Patient:MIRANDA, Ernesto    MRN:100004572269  Operation Date:12/06/2007
DOB:01/21/1951  Age:56    Sex:M    PRISM Serial#:1105833629

---

DATE OF OPERATION:12/06/2007


PREOPERATIVE DIAGNOSIS:RIGHT PLEURAL EFFUSION AND DYSPNEA


POSTOPERATIVE DIAGNOSIS:MALIGNANT RIGHT PLEURAL EFFUSION


OPERATION:FLEXIBLE FIBEROPTIC BRONCHOSCOPY
AND RIGHT THORACOSCOPY DRAINAGE,
EFFUSION, PLEURAL BIOPSY, AND TALC
PLEURODESIS, INTERCOSTAL NERVE
BLOCK


SURGEON:Cliff Connery, M.D.


ASSISTANT:Dr. Iranmanesh


ANESTHESIA:GENERAL


FINDINGS:
Flexible bronchoscopy.  There was no proximal right-sided
endobronchial lesion.  There was extensive compression of the
right middle lobe bronchus.  There was some edema in the right
upper lobe bronchus.  On thoracoscopy, there was more than 2400
mL of grossly bloody pleural effusion.  The lung was compliant.
There was induration in the lower lobe.  There was some
yellowish discoloration on the right lower lobe and some
possible micronodularity and induration.  In the parietal
pleura, there was small micronodular areas, in addition there
was a 3 x 3 cm fleshy parietal pleural lesion was also necrotic.
Multiple biopsies of the parietal pleural were obtained.  That
was consistent with non-small cell carcinoma.  Therefore since
the lung was compliant, we proceeded with a talc pleurodesis and
intercostal nerve blocks.


PROCEDURE:
The patient was brought to the operating room and placed in the
supine position.  He was intubated with double-lumen tube.  He
underwent flexible fiberoptic bronchoscopy with results as much
before.  There was extensive compression, but no proximal
endobronchial lesion.  The double-lumen tube was then positioned
properly and then patient was turned in lateral decubitus
position with the right side up, properly padded and positioned,
sterilely prepared and draped.  Thoracostomy was made in the
midaxillary line inferiorly just the anterior to the iliac

COPY                    Roosevelt Hospital
                        Operative Report

---

Patient:MIRANDA, Ernesto    .         MRN:100004572269  Operation Date:12/06/2007
DOB:01/21/1951  Age:56      Sex:M     PRISM Serial#:1105833629
·spine.  Grossly bloody fluid was drained.  We then placed 10-mm
working thoracoscope within and inspected the pleural with the
results as mentioned before.  We then utilized the suction
component on that scope and drained more of the bloody effusion
and then uncovered a larger fleshy lesion on the parietal
pleural and get ·multiple biopsies of that.  The results are
mentioned before.

Then with test inflation showing that the lung was compliant, we then
proceeded to evacuate the rest of the blood and then perform an aerosolized
talc pleurodesis with 4 g of talc that was insufflated into the right chest
with good distribution.

A 32-French channel drain was then placed within
to make it cephalad, secured with silk and used Prolene.  The
hemostasis was assured.  Prior to this, the wound was dressed.
The procedure·was concluded and then the chest tube was clamped
  ïerefore the lung was re-expanded.


Blood loss was just about 5 mL.  Replaced none.  Fluid was
crystalloid.







 D: 12/06/2007,14:07
   · 12/07/2007,10:15
 ⊍OB#:  4397692

---

Legal Signer: CLIFF CONNERY         AT    .  .    ID#: 101075
Electronically Signed:

**DEFENDANTS ADDRESSES:**

## Via CPLR §312

ALCOA, INC.,
Individually and as successor in interest
to Fairchild Fastners
c/o Corporate Service Co.
80 State Street
Albany, NY 12207-2543

AMERICAN REFRACTORIES CO.
1250 Clarion Street
Reading, PA 19601

ANCHOR PACKING COMPANY
120 East Avenue, Suite 101
Rochester, NY 14604-7356

ATLAS TURNER, INC.
854 Blvd. Oullet West
Thetford Mines, Quebec G6G785

AVOCET ENTERPRISES, INC.
c/o SCN & R Registered Agent, Inc.
8000 Sears Tower
Chicago, IL 60606

A.W. CHESTERTON CO., INC.
Middlesex Industrial Park
Rt. 93
Stoneham, MA 02180

BOEING INTEGRATED DEFENSE
SYSTEMS
2201 Seal Beach Boulevard
Seal Beach, CA 90740-5603

BORG WARNER CORPORATION
3850 Hamlin Road
Auburn, Hills, MI 48326

CANADIAN COMMERCIAL
CORPORATION
50 O'Connor Street, 11th Floor
Ottawa, Ontario K 1AOS6

CFM INTERNATIONAL, INC.
1 Neuman Way
Cincinnati, OH 45215-0514 COURTER

COURTER & COMPANY INC.
Richard Leff, Esq.
McGIVNEY& KLUGER , P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

CRANE AEROSPACE & ELECTRONICS
KELTEC OPERATION
84 Hill Avenue NW,
Fort Walton Beach, FL 32254-3858

CRANE CO.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

CRANE PUMPS & SYSTEMS, INC.
420 3rd Street
Piqua, OH 45356-3918

CRANE RESISTOFLEX AEROSPACE
2575 W. 5TH Street
Jacksonville, FL 32254-2066

DANA CORPORATION
P.O. Box 1000
Toledo, OH 43697-1000

DURABLA MANUFACTURING COMPANY
790 E. Market St., # 235
West Chester, Pennsylvania, 19382

DURAMETALLIC CORPORATION
5215 N. O'Connor Blvd., Suite 2300
Irving, TX 75039

EASTERN REFRACTORIES CORPORATION
Corporate/Service Address:
c/o Laura B. Hollman, Esq.
McMAHON MARTINE & GALLAGHER
90 Broad Street, 14th Floor
New York, New York 10004

ENPRO INDUSTRIES, INC.;
(Individually and as Successor to
Menasco Inc. c/o CT Corporation
Systems
225 Hillborough Street
Raleigh, NC 27603

EATON CORPORATION;
CT corporation System
111 Eighth Avenue
New York, NY 10011

EATON HYDRAULICS, INC.;
111 Eighth Avenue
New York, NY 10011

FAY SPOFFARD & THORNDIKE
OF NEW YORK, INC. f/k/a Wolff &
Munier, Inc.
111 John St., Suite 245
New York, New York 10035

FOSTER WHEELER ENERGY
CORPORATION
Perryville Corporate Park
P.O. Box 4000
Clinton, NJ 08809

GARLOCK, INC.
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL DYNAMICS,
Individually and as successor in interest
to Consolidated Vultee Aircraft
Corporation
3190 Fairview Park Drive
Falls Church, VA 22042

GE AVIATION SYSTEMS LLC
c/o Corporation System
111 Eight Avenue
New York, NY 10011

GENERAL ELECTRIC CORPORATION
Henry J. King., Jr., Esq.
Managing Attorney
Electric Insurance Company
152 Conant Street
Beverly, MA 01915

GENERAL MOTORS CORPORATION,
as Successor in Interest to Delco Products
a Division of General Motors
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL REFRACTORIES CO.
225 City Avenue, Suite 114
Bala Cynwyd, PA 19004

GEORGIA-PACIFIC CORPORATION
133 Peachtree St., N.E.
Atlanta, GA 30303

GRAYBAR ELECTRIC COMPANY, INC.
34 N Meramec Avenue
St. Louis MO 63105

GRIMES AEROSPACE COMPANY
Individually and as successor in interest to
Midland-Ross Corporation
550 Route 55
Urbana, Ohio 43078

HENKEL CORPORATION
CT CORPORATION SYSTEM
111 Eighth Avenue
New York, NY 10011

HERCULES CHEMICAL COMPANY, INC.
111 South Street
Passaic, NJ 07055

HEWLETT PACKARD COMPANY
PO box 10301
Palo Alto, CA 94303-0890

HITCO CARBON AND COMPOSITES, INC.
Individually and as successor in interest to Hitco
1600W 135th Street
Gardena, CA 90249

00112114.WPD

INGERSOLL-RAND COMPANY
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07675

J.H. FRANCE REFRACTORIES CO.
P.O. Box 276 - 895 Clarence Road
Snow Shoe, PA 16874-0276

JOHN CRANE, INC.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

KENTILE FLOORS, INC.
c/o Sandy Gropper
Insurance Claims Administrator
31 East 28th Street
New York, NY 10016

LEAR SEIGLER SERVICES, INC.
Individually and as Successor in Interest
to Lear Seigler, Inc.
3 Corbett Way
Eatontown, NJ 07724

LESLIE CONTROLS, INC.
12501 Telecom Drive
Tampa, Florida 33637

LOCKHEED MARTIN
CORPORATION
6801 Rockledge Drive
Bethesda, Maryland 20817

METROPOLITAN
TRANSPORTATION AUTHORITY
347 Madison Avenue
New York, New York 10017

MUNACO PACKING & RUBBER
CO., INC.
325 West 16th Street
New York, New York 10011-5936

NASCO AIR BRAKES, INC.
13300 Estrella Avenue
Gardena, California 90248

NORTHROP GRUMAN CORPORATION
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

OLD ORCHARD CORPORATION
208 SO LaSalle Street, Suite 814
Chicago, IL 60604-1101

PARKER AEROSPACE
14300 Alton PKWY
Irvine, CA 92618-1814

PARKER HANNIFIN CORPORATION
6035 Park Boulevard
Cleveland, OH 44124-4141

PNEUMO ABEX CORPORATION
Individually and as Successor in interest to Abex
Corporation f/k/a American Brake Shoe;
c/o The Prentice Hall Corp. System Inc.
80 State Street
Albany, NY 12207

PRATT WHITNEY
400 Main Street
East Hartford, CT 06108-0968

RAILROAD FRICTION PRODUCTS CORP.
1001 Air Brake Avenue
Wilmerding, PA 15148
&
c/o The Trust Corporation Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RHEACO, INC.
1801 West Jefferson Street
Grand Prairie, TX 75051-1328

ROBERT A. KEASBEY CO.
Corporate/Service Address:
c/o Anna DiLonardo, Esq.
WEINER LESNIAK, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

ROLLS ROYCE CORPORATION,
Individually and as successor in interest
to Allison Engine Company, Inc.;
c/o CT Corporation Service Company
80 State Street
Albany, NY 12207

THE BOEING COMPANY
Individually and as successor in interest
to McDonnell Douglas
c/o Corporation Service System
80 State Street
Albany, NY 11207-2543

THE FAIRCHILD CORPORATION
1750 Tysons Boulevard, Suite 1400
McLean, VA 11102

TREADWELL CORPORATION
c/o Chuck McGivney, Esq.
McGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

TRIAD INTERNATIONAL
MAINTENANCE CORPORATION
individually and as successor in interest
to Aero Corporation
623 Radar Road
Greensboro, NC 27410

UNISYS CORPORATION
Unisys Way
Blue Bell, PA 19424-0001

UNITED TECHNOLOGIES
CORPORATION, Individually and as
successor in interest to United Aircraft
Corporation
United Technologies Building
Hartford, CT 06101

WAYNE WIRE CLOTH PRODUCTS,
INC.
200 E. Dresden Street NE
Kalkraska, MI 49646

**Personally Served:**

METROPOLITAN TRANSPORTATION
AUTHORITY
347 Madison Avenue
New York, New York 10017

**SECRETARY OF STATE BCL 306/307**

ABEX CORPORATION
f/k/a American Brake Show Company;
AMERICAN REFRACTORIES, INC.;
BONDEX INCORPORATED;
CARRIER CORPORATION;
CUTLER HAMMER;
n/k/a EATON ELECTRICAL, INC.;
DRESSER INDUSTRIES, INC.;
GOODRICH CORPORATION
f/k/a B.F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULDS PUMPS INCORPORATED
HONEYWELL INTERNATIONAL, INC.
f/k/a Alliedsignal, Inc., as successor-in-interest to
The Bendix Corporation;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION
WESTINGHOUSE AIR BRAKE CO.; and
3M COMPANY f/k/a MINNESOTA MINING &
MANUFACTURING CO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
ERNESTO MIRANDA and DIANA MIRANDA,

                      Plaintiff,

       - against -

ABEX CORPORATION, *et al.*,
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STATEMENT OF SERVICE BY MAIL
AND ACKNOWLEDGMENT OF
RECEIPT BY MAIL OF SUMMONS
<u>AND COMPLAINT</u>

INDEX NO.  08 - 104346

# CANADIAN COMMERCIAL CORPORATION
50 O'Connor Street, 11th Floor
Ottawa, Ontario K 1AOS6

    The enclosed Summons and Complaint are served pursuant to § 312-a of the Civil Practice Law and Rules.

    To avoid being charged with the expense of service upon you, you must sign, date and complete the Acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

    If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

    If you have received a Complaint with this statement, the return of this statement and Acknowledgment does not relieve you of the necessity to answer the Complaint. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult an attorney, you should do so as soon as possible before the twenty (20) days expire.

    If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

    It is a crime to forge a signature or to make a false entry on this statement or on the Acknowledgment.

    I declare, under penalty of perjury, that this Statement of Service by Mail and Acknowledge of Receipt by Mail of Summons and Complaint will have been mailed on July 21, 2005.

_____
Signature

Levy Phillips & Konigsberg, 800 Third Avenue, New York, New York  10022
Address

March 28, 2008
_____
Date of Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received a Summons and Complaint in the above-captioned matter at [INSERT ADDRESS] 50 O'Connor St. 11th Floor Ottawa, Ontario, Canada

PLEASE CHECK ONE OF THE FOLLOWING;

                  IF 2 IS CHECKED, COMPLETE AS INDICATED

    1. [☑]    I am not in the military service.

    2. [☐]    I am in military service and my rank, serial number and branch of service are as follows:

Rank:_____    Branch of Service:_____

Serial Number:_____

                  TO BE COMPLETED REGARDLESS OF MILIARY STATUS:

Date: APRIL 7/08
_____
(Date this Acknowledgment is executed)

I affirm the above as true under penalty of perjury.

_____
Signature

TAHARA PARSCHIN - RYBKIN
Print Name

CANADIAN COMMERCIAL CORPORATION
Name of Defendant for which acting

GENERAL COUNSEL
Position with Defendant for which acting

**Please Complete All Blanks Including Dates**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

IN RE: NEW YORK CITY ASBESTOS LITIGATION

-------------------------------------------------------------------x

ERNESTO MIRANDA and DIANA MIRANDA,

                        Plaintiffs,

         - against -

ABEX CORPORATION, et. al.,

                       Defendants.

-------------------------------------------------------------------x

Index No. 08-104346

**ANSWER TO COMPLAINT**

Defendant, Flowserve Corporation as successor in interest to Durametallic Corporation, incorrectly sued herein as "Durametallic Corporation" (hereinafter "Durametallic") by its attorneys, Segal McCambridge Singer & Mahoney, Ltd. for its answer to the complaint, allege on information and belief:

    1.     Denies all material allegations in the plaintiffs' Complaint as they pertain to Durametallic.

    2.     Denies knowledge or information sufficient to form a belief as to the truth of each and every other allegation contained in plaintiffs' Complaint.

### AFFIRMATIVE DEFENSES

    3.     The venue of this action is improper.

    4.     Plaintiffs' Complaint fails to set forth a cause of action upon which relief can be granted.

5.     Durametallic is a foreign business corporation, to wit, plaintiffs cannot establish personal jurisdiction over this defendant within this Court and Venue.

6.     Plaintiffs' cause of action is barred by the applicable Statute of Limitations.

7.     Plaintiffs' Complaint fails to allege any cause of action specific to Durametallic.

8.     Durametallic was improperly served with process.

9.     Durametallic was not negligent.

10.     Durametallic was not reckless.

11.     Durametallic did not engage in misconduct or willful misconduct.

12.     Durametallic did not act with wanton disregard for the rights, safety, and position of the Plaintiff or any other person.

13.     Durametallic did not distort or cause to be distorted any medical examinations, results, or data.

14.     Durametallic did not edit or alter medical literature.

15.     Durametallic did not attempt to prevent the publication of medical literature.

16.     Durametallic did not distort or cause to be distorted medical information.

17.     Any asbestos products which may have been sold by Durametallic were not inherently defective, ultra hazardous, dangerous, deleterious, poisonous, and/or otherwise legally harmful.

18.     Any asbestos products which may have been sold or used by Durametallic were not unsafe.

19.     Any asbestos products which may have been sold or used by Durametallic were not incorrectly packaged.

20.     Durametallic did not fail to adequately test any asbestos products which it might have sold or used.

971245-1                                    2

21.    Any acts or omissions of Durametallic alleged to constitute negligence were not substantial causative factors of the injuries and/or losses alleged to have been sustained.

22.    The injuries and/or losses alleged to have been sustained were caused entirely by or contributed to by the negligent acts or omission of individuals and/or entities other than Durametallic.

23.    Any asbestos products which may have been sold or used by Durametallic may have been substantially changed in their condition after said products left the possession of Durametallic.

24.    Durametallic provided all necessary, required, and adequate warnings or instructions.

25.    Negligent acts and/or omissions of individuals and/or entities other than Durametallic constituted intervening and/or superseding acts of negligence.

26.    Durametallic extended no warranty to the plaintiff.

27.    Durametallic did not breach any warranty or warranties it may have extended.

28.    Plaintiff failed to provide Durametallic with proper and timely notice of any alleged breached warranty.

29.    Durametallic did not take part in and was not a part of or party to any conspiracy.

30.    Durametallic did not make any misrepresentation and/or commit any fraudulent acts.

31.    Durametallic did not distribute its products without proper and adequate identification labeling.

32.    Any asbestos products which may have been sold and/or used by Durametallic were not within the exclusive control of Durametallic.

33.    Durametallic entered into no tacit agreement and/or industry wide standards or procedures as alleged.

34.    The imposition of punitive damages violates the Due Process Clause of the United States Constitution and the Constitution of the State of New York.

35.    The imposition of punitive damages violates the Equal Protection Clause of the United States Constitution and the Constitution of the State of New York.

36.    In the event Plaintiffs recover a verdict or judgment against this Defendant, then said verdict or judgment must be reduced pursuant to CPLR 4544(C) by those amounts which have replaced or indemnified or will, with reasonable certainty, replace or indemnified Plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

37.    The imposition of punitive damages violates the United States Constitution's Eighth Amendment guarantee against excessive fines.

38.    That insofar as the Complaint and each cause of action considered separately, alleges a cause of action accruing before October 1, 1975, any recovery by plaintiffs for each such cause of action is barred by reason of contributory negligence or assumption of risk of plaintiffs.

39.    All causes of action pleaded in the Complaint have not been maintained in a timely fashion and each plaintiff has neglected same and should be barred by the doctrine of laches.

40.    All claims brought under New York Law, L. 1986 C. 682 § 4 (enacted August 31, 1986) are time-barred in that said statute is in violation of the Constitution of the United States and the Constitution of the State of New York.

41.    This action must be dismissed because plaintiffs have not joined necessary parties to the adjudication of the claims asserted in the Complaint, in whose absence complete relief cannot be accorded and whose absence impedes the ability of this answering defendant, to protect its interests.

42.    In the event plaintiff was employed by any of the defendants herein, then plaintiff's sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

43.    That at all of the times during the conduct of its corporate operations, the agents, servants or employees of this answering defendant utilized proper methods in the conduct of its operations, in conformity with the available knowledge and research of the scientific and industrial communities.

44.    Plaintiffs lack the requisite capacity, standing and authority to bring this action, as plaintiff are not real parties in interest.

45.    That to the extent the plaintiffs seek to maintain causes of action on behalf of any decedents, said plaintiffs lack capacity and/or standing to maintain such causes of action against Durametallic.

46.    Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries alleged in the Complaint.

47.    The damages allegedly sustained by plaintiffs were caused, in whole or in part, through the operation of nature.

48.    All defenses which have been or will be asserted by other defendants and/or any defendants in this action, are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiffs' Complaint. In addition, Durametallic will rely upon any and all other defenses which become available or appear during discovery proceedings in this action and

hereby specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

49.    Any and all risks, hazards, defects and dangers alleged are of an open, obvious, apparent nature, inherent and known or should have been known to plaintiff, and the injuries and damages alleged to have been sustained were caused in whole or in part by the culpable conduct of plaintiff.

50.    The amounts recoverable by plaintiffs are subject to limitation pursuant to Section 1601, Civil Practice Laws and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108, General Obligations Law, by reason of a prior settlement between plaintiff and said person(s), or by reason of the fact that punitive damages are not recoverable.

## CROSS-CLAIMS

51.    Any damages sustained by the plaintiffs were caused in whole or in part by the acts or omissions of other defendants, who are or may be liable to the defendants answering hereby for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied.

WHEREFORE, defendant demands judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

Dated: New York, New York
     April 16, 2008

                    Yours, etc.

                    SEGAL McCAMBRIDGE SINGER &
                    MAHONEY, LTD.
                    Attorneys for Defendant,
                    Flowserve Corporation as successor in interest to
                    Durametallic Corporation

           By: _____
                    MADINA AXELROD
                    830 Third Avenue, 4th Floor
                    New York, NY 10022
                    (212) 651-7500

To:    LEVY PHILLIPS & KONIGSBERG, L.L.P.
        Attorneys for Plaintiffs
        800 Third Avenue, 13th Floor
        New York, NY 10022
        (212) 605-6200

        ALL DEFENSE COUNSEL

## V E R I F I C A T I O N

MADINA AXELROD, an attorney duly admitted to practice in the Court of the State of New York and designated as attorney for the defendant Flowserve Corporation as successor in interest to Durametallic Corporation, incorrectly sued herein as "Durametallic Corporation" (hereinafter "Durametallic") in the above-entitled action, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

That he has read the foregoing ANSWER and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

Affiant further says that the source of his information and the grounds of his belief are derived from the files, books and records maintained in the normal course of business of the Law Offices of Segal McCambridge Singer & Mahoney, Ltd. and statements made to him by officers or agents of DURAMETALLIC CORPORATION.

This Verification is made by affiant and not by defendant because defendant resides outside the County of New York where affiant maintains his office.

Dated: New York, New York
       April 16, 2008

Yours, etc.

SEGAL McCAMBRIDGE SINGER &
MAHONEY, LTD.
Attorneys for Defendant,
Flowserve Corporation as successor in interest to
Durametallic Corporation

By: _MADINA AXELROD_
    830 Third Avenue, 4th Floor
    New York, NY 10022
    (212)651-7500

DEFENDANTS ADDRESSES:

Via CPLR §312

ALCOA, INC.,
Individually and as successor in interest
to Fairchild Fastners
c/o Corporate Service Co.
80 State Street
Albany, NY 12207-2543

AMERICAN REFRACTORIES CO.
1250 Clarion Street
Reading, PA 19601

ANCHOR PACKING COMPANY
120 East Avenue, Suite 101
Rochester, NY 14604-7356

ATLAS TURNER, INC.
854 Blvd. Oullet West
Thetford Mines, Quebec G6G785

AVOCET ENTERPRISES, INC.
c/o SCN & R Registered Agent, Inc.
8000 Sears Tower
Chicago, IL 60606

A.W. CHESTERTON CO., INC.
Middlesex Industrial Park
Rt. 93
Stoneham, MA 02180

BOEING INTEGRATED DEFENSE
SYSTEMS
2201 Seal Beach Boulevard
Seal Beach, CA 90740-5603

BORG WARNER CORPORATION
3850 Hamlin Road
Auburn, Hills, MI 48326

CANADIAN COMMERCIAL
CORPORATION
50 O'Connor Street, 11th Floor
Ottawa, Ontario K 1AOS6

CFM INTERNATIONAL, INC.
1 Neuman Way
Cincinnati, OH 45215-0514 COURTER

COURTER & COMPANY INC.
Richard Leff, Esq.
McGIVNEY& KLUGER , P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

CRANE AEROSPACE & ELECTRONICS
KELTEC OPERATION
84 Hill Avenue NW,
Fort Walton Beach, FL 32254-3858

CRANE CO.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

CRANE PUMPS & SYSTEMS, INC.
420 3rd Street
Piqua, OH 45356-3918

CRANE RESISTOFLEX AEROSPACE
2575 W. 5TH Street
Jacksonville, FL 32254-2066

DANA CORPORATION
P.O. Box 1000
Toledo, OH 43697-1000

DURABLA MANUFACTURING COMPANY
790 E. Market St., # 235
West Chester, Pennsylvania, 19382

DURAMETALLIC CORPORATION
5215 N. O'Connor Blvd., Suite 2300
Irving, TX 75039

EASTERN REFRACTORIES CORPORATION
Corporate/Service Address:
c/o Laura B. Hollman, Esq.
McMAHON MARTINE & GALLAGHER
90 Broad Street, 14th Floor
New York, New York 10004

ENPRO INDUSTRIES, INC.,
(Individually and as Successor to
Menasco Inc. c/o CT Corporation
Systems
225 Hillborough Street
Raleigh, NC 27603

EATON CORPORATION;
CT corporation System
111 Eighth Avenue
New York, NY 10011

EATON HYDRAULICS, INC.;
111 Eighth Avenue
New York, NY 10011

FAY SPOFFARD & THORNDIKE
OF NEW YORK, INC. f/k/a Wolff &
Munier, Inc.
111 John St., Suite 245
New York, New York 10035

FOSTER WHEELER ENERGY
CORPORATION
Perryville Corporate Park
P.O. Box 4000
Clinton, NJ 08809

GARLOCK, INC.
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL DYNAMICS,
Individually and as successor in interest
to Consolidated Vultee Aircraft
Corporation
3190 Fairview Park Drive
Falls Church, VA 22042

GE AVIATION SYSTEMS LLC
c/o Corporation System
111 Eight Avenue
New York, NY 10011

GENERAL ELECTRIC CORPORATION
Henry J. King., Jr., Esq.
Managing Attorney
Electric Insurance Company
152 Conant Street
Beverly, MA 01915

GENERAL MOTORS CORPORATION,
as Successor in Interest to Delco Products
a Division of General Motors
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL REFRACTORIES CO.
225 City Avenue, Suite 114
Bala Cynwyd, PA 19004

GEORGIA-PACIFIC CORPORATION
133 Peachtree St., N.E.
Atlanta, GA 30303

GRAYBAR ELECTRIC COMPANY, INC.
34 N Meramec Avenue
St. Louis MO 63105

GRIMES AEROSPACE COMPANY
Individually and as successor in interest to
Midland-Ross Corporation
550 Route 55
Urbana, Ohio 43078

HENKEL CORPORATION
CT CORPORATION SYSTEM
111 Eighth Avenue
New York, NY 10011

HERCULES CHEMICAL COMPANY, INC.
111 South Street
Passaic, NJ 07055

HEWLETT PACKARD COMPANY
PO box 10301
Palo Alto, CA 94303-0890

HITCO CARBON AND COMPOSITES, INC.
Individually and as successor in interest to Hitco
1600W 135th Street
Gardena, CA 90249

INGERSOLL-RAND COMPANY
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07675

J.H. FRANCE REFRACTORIES CO.
P.O. Box 276 - 895 Clarence Road
Snow Shoe, PA 16874-0276

JOHN CRANE, INC.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

KENTILE FLOORS, INC.
c/o Sandy Gropper
Insurance Claims Administrator
31 East 28th Street
New York, NY 10016

LEAR SEIGLER SERVICES, INC.
Individually and as Successor in Interest
to Lear Seigler, Inc.
3 Corbett Way
Eatontown, NJ 07724

LESLIE CONTROLS, INC.
12501 Telecom Drive
Tampa, Florida 33637

LOCKHEED MARTIN
CORPORATION
6801 Rockledge Drive
Bethesda, Maryland 20817

METROPOLITAN
TRANSPORTATION AUTHORITY
347 Madison Avenue
New York, New York 10017

MUNACO PACKING & RUBBER
CO., INC.
325 West 16th Street
New York, New York 10011-5936

NASCO AIR BRAKES, INC.
13300 Estrella Avenue
Gardena, California 90248

NORTHROP GRUMAN CORPORATION
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

OLD ORCHARD CORPORATION
208 SO LaSalle Street, Suite 814
Chicago, IL 60604-1101

PARKER AEROSPACE
14300 Alton PKWY
Irvine, CA 92618-1814

PARKER HANNIFIN CORPORATION
6035 Park Boulevard
Cleveland, OH 44124-4141

PNEUMO ABEX CORPORATION
Individually and as Successor in interest to Abex
Corporation f/k/a American Brake Shoe;
c/o The Prentice Hall Corp. System Inc.
80 State Street
Albany, NY 12207

PRATT WHITNEY
400 Main Street
East Hartford, CT 06108-0968

RAILROAD FRICTION PRODUCTS CORP.
1001 Air Brake Avenue
Wilmerding, PA 15148
&
c/o The Trust Corporation Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RHEACO, INC.
1801 West Jefferson Street
Grand Prairie, TX 75051-1328

ROBERT A. KEASBEY CO.
Corporate/Service Address:
c/o Anna DiLonardo, Esq.
WEINER LESNIAK, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

ROLLS ROYCE CORPORATION,
Individually and as successor in interest
to Allison Engine Company, Inc.;
c/o CT Corporation Service Company
80 State Street
Albany, NY 12207

THE BOEING COMPANY
Individually and as successor in interest
to McDonnell Douglas
c/o Corporation Service System
80 State Street
Albany, NY 11207-2543

THE FAIRCHILD CORPORATION
1750 Tysons Boulevard, Suite 1400
McLean, VA 11102

TREADWELL CORPORATION
c/o Chuck McGivney, Esq.
McGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

TRIAD INTERNATIONAL
MAINTENANCE CORPORATION
individually and as successor in interest
to Aero Corporation
623 Radar Road
Greensboro, NC 27410

UNISYS CORPORATION
Unisys Way
Blue Bell, PA 19424-0001

UNITED TECHNOLOGIES
CORPORATION, Individually and as
successor in interest to United Aircraft
Corporation
United Technologies Building
Hartford, CT 06101

WAYNE WIRE CLOTH PRODUCTS,
INC.
200 E. Dresden Street NE
Kalkraska, MI 49646

**Personally Served:**

METROPOLITAN TRANSPORTATION
AUTHORITY
347 Madison Avenue
New York, New York 10017

Index No. 08-104346

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

IN RE: NEW YORK CITY ASBESTOS LITIGATION

---

ERNESTO MIRANDA and DIANA MIRANDA,

                                        Plaintiffs,

      - against --

ABEX CORPORATION, et. al.,

                                        Defendants.

---

### ANSWER TO COMPLAINT

---

*SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.*

Attorneys for Defendant,
FLOWSERVE CORPORATION AS SUCCESSOR IN INTEREST TO
DURAMETALLIC CORPORATION

830 Third Avenue, 4th Floor
New York, NY 10022
(212) 651-7500

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................., 200 . . .*

*......................................................*    *Esq.*

*Attorney for*    *............................................*

# EXHIBIT B

CCC

Canadian Commercial Corporation
Corporation Commerciale Canadienne

## DECLARATION OF LEGAL STATUS OF CANADIAN COMMERCIAL CORPORATION

I, Michel L. Chartrand, Lawyer to the Canadian Commercial Corporation and a legal officer with the Department of Justice of Canada, declare that the following is a description of the legal status of the Canadian Commercial Corporation:

(i) the Corporation is a federal Crown corporation, incorporated in 1946 by Act of Parliament, known as the *Canadian Commercial Corporation Act*;

(ii) the Corporation was established essentially to assist in the development of trade between Canada and other nations;

(iii) the Corporation is, by law, for all of its activities, an agent of Her Majesty the Queen in right of Canada and its powers may only be exercised as such an agent;

(iv) the Corporation is exempted by the laws of Canada from payment in Canada of any taxes, including income tax;

(v) the Corporation reports to the Minister for International Trade and is accountable, through this Minister, to the Parliament of Canada

(vi) a special budget is voted each year by the Parliament of Canada for the operation of the Corporation, as part of the Main Estimates of the Government of Canada;

(vii) the Corporation's auditor is the Auditor General of Canada;

(viii) pursuant to section 97 of the *Financial Administration Act*, R.S.C. 1985, c. F-11, contracts signed in the name of the Corporation have the same legal effect as those signed by and in the name of Her Majesty the Queen in right of Canada and, accordingly, Her Majesty the Queen in right of Canada is ultimately responsible for any debts and liabilities incurred by the Corporation as a result of its operations.

CANADIAN COMMERCIAL CORPORATION



Michel L. Chartrand
Legal Counsel to the Canadian Commercial Corporation and Lawyer of the Department of Justice of Canada, this 15th day of October, 2004, City of Ottawa, Province of Ontario, Canada

*Credibility ~ Confidence ~ Contracts • Crédibilité ~ Confiance ~ Contrats*

1100-50 rue O'Connor Street, Ottawa, Canada  K1A 0S6 • Tel./Tél. : (613) 996-0034  1-800-748-8191 (in/au Canada) • Fax/Téléc. : (613) 995-2121 • www.ccc.ca