Richard A. Menchini (6057)
Lindsay H. Tasher
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3200

Attorneys for Defendant
Canadian Commercial Corporation

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO and DIANA MIRANDA,<br><br>Plaintiffs,<br><br>- against -<br><br>ABEX CORPORATION, f/k/a American Brake Show Company, et al.,<br><br>Defendants. | 08 Civ. 4231 (RS)<br><br><br>ANSWER OF DEFENDANT<br>CANADIAN COMMERCIAL<br>CORPORATION |

Defendant Canadian Commercial Corporation (hereinafter "CCC"), by its counsel, Holland & Knight LLP, as and for its Answer to the Complaint dated March 21, 2008, states as follows:

1.     Answering paragraph 1, which repeats and re-alleges "New York Asbestos Litigation Complaint No. 1", CCC responds as follows: to the extent that the allegations set forth therein are directed to CCC, CCC denies those allegations; to the extent that the allegations set forth therein are directed to persons or entities other than CCC, CCC denies having knowledge or information sufficient to form a belief as to those allegations.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 and 3.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A FIRST, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

3.      The Complaint fails to state a cause of action upon which relief can be granted as against CCC.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A SECOND, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

4.      Insofar as Plaintiffs fail to identify the manufacturer of the product that allegedly caused the damage, loss, or injury complained of, the Complaint fails to state a cause of action upon which relief can be granted as against CCC.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRD, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

5.      The damages and injuries alleged in this lawsuit were not caused or contributed to by any product designed, manufactured, inspected, packaged, labeled, sold, or distributed by CCC.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A FOURTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

6.      The Court should not permit this action to proceed in the absence of one or more persons or entities who should be a party to this action.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A FIFTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

7.    This action is barred by the statute of limitations and/or the equitable doctrine of laches and/or because Plaintiffs failed to file such claims or causes of action within the time period prescribed by other applicable statutes, rules and orders.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A SIXTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

8.    Plaintiffs' claims for any damage, loss, or injury are barred or diminished by, and are subject to, the doctrine of collateral source.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A SEVENTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

9.    Plaintiffs' claims in this Complaint are barred in whole or in part by the entire controversy doctrine.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A EIGHTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

10.    CCC owed no duty to Plaintiffs.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A NINTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

11.    While CCC asserts that it owed no duty to the Plaintiffs, in the event that it is ultimately determined that CCC did owe a duty to the Plaintiffs, CCC acted reasonably and with due care toward Plaintiffs, and CCC did not violate any duty owed to Plaintiffs.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TENTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

12.    Denying any act or omission for which it can be held liable in this action, CCC asserts that Plaintiffs' injuries, if any, were caused in whole or in part by the assumption of risk, negligence, and/or lack of due care on the part of Plaintiffs, without any negligence or culpability on the part of CCC, and CCC seeks a dismissal or reduction in recovery that may be had by plaintiff in the proportion in which the culpable conduct attributable to Plaintiffs bears to the entire measure of responsibility for the occurrence.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A ELEVENTH, SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

13.    Any damage, loss, or injury allegedly incurred by Plaintiffs was not caused by any act or omission of CCC but by the independent intervening or superseding acts or omissions of other persons or entitles over whom CCC has never had any control and for whom CCC cannot be held accountable.

4

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWELFTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

14.    The injuries of Plaintiffs, if any, were caused in whole or in part by the negligence or culpability and lack of due care of third parties, without any negligence on the part of CCC, and CCC seeks dismissal or reduction in recovery that may be had by the Plaintiff in the proportion in which the culpable conduct attributable to the third parties bears to the entire measure of responsibility for the occurrence.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

15.    Any damage, loss, or injury allegedly resulting from any product sold or distributed by CCC was proximately caused by substantial or material alteration or modification of the product after the product left the control of CCC.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A FOURTEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

16.    Any damage, loss, or injury complained of resulted from natural causes over which CCC has never had control and for which CCC is not liable.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A FIFTEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

17.    Any damage, loss, or injury complained of resulted from an Act of God.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A SIXTEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

18.    CCC could not and did not foresee the risks of any damage, loss, or injury complained of.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A SEVENTEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

19.    Any product at issue in this lawsuit that was sold or distributed by CCC was designed, manufactured, inspected, packaged, labeled, sold, and distributed in accordance with the state of the art existing at the time of the design, manufacture, inspection, packaging, labeling, sale, and distribution of such product.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A EIGHTEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

20.    Any product at issue in this lawsuit that was sold or distributed by CCC was designed, manufactured, inspected, packaged, labeled, sold, and distributed in compliance with all applicable codes, standards, and regulations established, adopted, promulgated, or approved by the United States, the State of New York, the City of New York, or any agency of the United States, the State of New York, or the City of New York.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A NINETEENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

21.    Plaintiffs were, by knowledge, training, or experience, sophisticated in the use of, installation of, and performance of the products in question and knew or should have known of any of the purported risks associated therewith, and as a result, CCC had no duty to warn the Plaintiffs of any such alleged risk.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTIETH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

22.    CCC asserts that each employer of Plaintiffs was a sophisticated person or entity knowledgeable of any material risks pertinent to the matters alleged in this lawsuit, and as a result, CCC had no duty to warn of any such risks.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-FIRST SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

23.    CCC did not breach any express or implied warranty in connection with the alleged sale or distribution of any product at issue in this lawsuit.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-SECOND SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

24.    With respect to any claim based on an alleged breach of warranty, CCC did not receive timely notice of any such alleged breach.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-THIRD SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

25.    CCC has no liability in strict liability in tort to Plaintiffs.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-FOURTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

26.    Denying any act or omission for which it can be held liable in this action, CCC asserts that any liability of CCC for any alleged damage, loss, or injury complained of should be limited pursuant to CPLR Art. 16.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-FIFTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

27.    Denying any act or omission for which it can be held liable in this action, CCC asserts that any acts or omissions for which other defendants in this action might be held liable to Plaintiffs were separate and distinct from acts or omissions, if any, for which CCC might be held liable. Neither common law nor any federal or New York State statute can properly cause CCC to be jointly and severally liable for acts or omissions of other defendants, and any claims based on alleged joint and several liability are barred.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-SIXTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

28.    Plaintiffs are barred from recovery to the extent that Plaintiffs failed

to mitigate their damages.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-SEVENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

29.    No theory of absolute liability, enterprise liability, market share

liability, concerted action, or any other theory of alternative liability exists or is

applicable under the laws of New York State and the facts of this case, and CCC

denies liability under any such theory.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-EIGHTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

30.    Plaintiffs' alleged injuries did not arise out of exposure to any product

that CCC may have sold or distributed.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A TWENTY-NINTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

31.    The damages allegedly sustained by the Plaintiffs which allegedly

arose from any product which CCC may have sold or distributed were caused by the

subsequent alteration, modification, faulty repair and/or improper  maintenance of

the product in question by one or more entities other than CCC, rather than by any

9

defect in the product's design, manufacture, production, assemblage, installation, testing, labeling, marketing, distribution, sale or inspection.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTIETH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

32.    Any product which CCC may have sold or distributed was not defective or dangerous at any time when CCC was in possession, custody or control of the product.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-FIRST SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

33.    CCC is not liable for the damages allegedly sustained by the Plaintiffs because the Plaintiffs were not in privity of contract with CCC at any time and any product which CCC may have manufactured was not inherently or unreasonably dangerous as a matter of law or otherwise.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-SECOND SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

34.    Plaintiff did not directly or indirectly purchase any asbestos-containing products or materials from CCC nor did he receive or rely upon any representation allegedly made by CCC.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-THIRD SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

35.    In the event it should be proven at the time of the trial of this action that all defendants are subject to market share liability, then CCC's share of such liability would be of such a de minimis amount as to make its contribution for damages negligible, and CCC would be entitled to contribution, either in whole or in part, from the other defendants in this action.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-FOURTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

36.    To the extent that Plaintiffs were exposed to any product containing asbestos which CCC may have sold or distributed, which CCC denies, said exposure was so minimal that it could not be a substantial contributing factor to any asbestos-related disease which Plaintiffs may have developed, and the results of such exposure are therefore: (i) not actionable against CCC either at law or in equity, and (ii) insufficient to establish a reasonable degree of probability that any product CCC may have manufactured or distributed is capable of causing injuries and damages and must be considered speculative as a matter of law.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-FIFTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

37.    CCC is entitled to set off any worker's compensation benefits and other

collateral sources of recovery received or to be received by the Plaintiffs against any

judgment which may be rendered in favor of the Plaintiffs herein.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-SIXTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

38.    Upon information and belief, Plaintiffs have released, settled, entered

into an accord and satisfaction or otherwise compromised their claims herein, and,

accordingly, said claims are barred by operation of law.    Alternatively, Plaintiffs

have accepted compensation as partial settlement of those claims for which CCC is

entitled to a set-off.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-SEVENTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

39.    CCC asserts that it intends to rely upon other defenses which may be

available or apparent at any time prior to the trial of this action, and CCC reserves

the right to amend its answer to plead such defenses.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-EIGHTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

40.     This Court lacks jurisdiction over CCC by reason of insufficient service

of process and/or insufficient contacts with the State of New York.

FURTHER ANSWERING THE COMPLAINT
AS AND FOR A THIRTY-NINTH SEPARATE, COMPLETE
AND/OR PARTIAL DEFENSE THERETO CCC
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

41.     CCC is a Crown corporation of, and wholly owned by, the Government

of Canada.  Accordingly, the suit against it is governed by the Foreign Sovereign

Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA").  CCC asserts all protections and

immunities afforded to it by the FSIA, including, but not limited to, the right to a

non-jury trial.

WHEREFORE, Defendant Canadian Commercial Corporation respectfully

requests that this Court dismiss Plaintiffs' Complaint, with prejudice, and enter

judgment in favor of CCC for the costs of this action and for such other and further

relief as to this Court seems just and appropriate under the circumstances.

ANSWER TO ALL CROSSCLAIMS

Defendant Canadian Commercial corporation denies any and all allegations

in any crossclaim or other claim for contribution or indemnity that has been or may

be asserted against it by any Co-Defendant.  CCC reserves its rights to amend this

answer to respond to claims of additional entities which may be or have been joined

in this action.

13

## AS AND FOR A CROSSCLAIM

If defendant Canadian Commercial Corporation should be found liable to plaintiffs at trial, said liability being expressly denied, any injuries and damages sustained by plaintiff were proximately caused by the negligence, lack of due care, culpable conduct, or breach of warranty of one or more of the co-defendants, or their contractors, agents or employees under their control, and said co-defendants is or are alone liable to plaintiffs, or jointly and/or severally liable to plaintiffs, and/or liable over to Canadian Commercial Corporation for contribution or indemnification.

WHEREFORE, defendant Canadian Commercial Corporation respectfully requests that this Court dismiss, with prejudice, all cross-claims and all other claims for contribution or indemnity which have been or may be asserted against it by Co-Defendants and enter judgment in favor of CCC for the costs of this action, or enter judgment in its favor and against one or more Co-Defendants for contribution or indemnity in the amount of any judgment which may be rendered against it, and for such other and further relief as to this Court seems just and appropriate under the circumstances.

14

Dated: May 9, 2008
     New York, New York

               Respectfully submitted,

               HOLLAND & KNIGHT LLP

By:               Richard A. Menchini
               Lindsay H. Tasher
               195 Broadway
               New York, NY 10007
               (212) 513-3200
               Attorneys for Defendant
               Canadian Commercial Corporation

To:    Patrick J. Timmins, Esq.
       Levy Phillips & Konigsberg, LLP
       800 Third Ave., 13th Floor
       New York, NY 10022
       Attorneys for Plaintiff

       Co-defendants

# 5317787_v1

15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ERNESTO and DIANA MIRANDA,

                              Plaintiff,

        - against -

ABEX CORPORATION, f/k/a American Brake
Show Company, et al.,

                              Defendants.

08 Civ. 4231 (RJS)

**AFFIRMATION OF SERVICE**

State of New York    )
                     ) SS.:
County of New York )

        RICHARD A. MENCHINI, an attorney admitted to practice in this Court and a member

of the firm of Holland & Knight LLP, affirms under penalty of perjury:

        That on May 9, 2008, I caused to be served a true copy of the attached Answer of

Defendant Canadian Commercial Corporation, by mailing the same in a duly enclosed prepaid

and sealed wrapper with first-class postage prepaid thereon and addressed to plaintiffs' counsel

Patrick J Timmins, Esq., Levy Phillips & Konigsberg LLP, 800 Third Ave. -- 13th Floor, New

York, NY 10022, and the defense counsel and defendants on the attached Lists.

                              RICHARD A. MENCHINI

Dated:  May 9, 2008
        New York, New York

# 5320122_v2

**Miranda Defense Counsel List**
115237.00002
(as of 5/6/08)

| | |
|---|---|
| Jan Michael Ryfkogel, Esq.<br>Bivona & Cohen, PC<br>88 Pine St.<br>New York, NY 10005 | Counsel for<br>Alcoa |
| Theodore Eder, Esq.<br>Segal, McCambridge, Singer & Mahoney<br>830 Third Avenue, Suite 400<br>New York, NY 10022 | Counsel for<br>Anchor Packing<br>Garlock Sealing Technologies<br>Flowserve (Durametallic) |
| Julie Evans, Esq.<br>Wilson, Elser, Moskowitz, Edelman<br>& Dicker, LLP<br>150 E. 42nd St.<br>New York, NY 10017-5639 | Counsel for<br>A.W. Chesterton Co.<br>Carrier Corp. |
| Joseph A. D'Avanzo, Esq.<br>Wilson, Elser, Moskowitz, Edelman<br>& Dicker, LLP<br>3 Gannett Drive<br>White Plains, NY 10604 | Counsel for<br>The Boeing Company |
| Anna DiLonardo, Esq.<br>Weiner Lesniak, LLP<br>888 Veteran's Memorial Highway<br>Suite 540<br>Hauppauge, NY 11787 | Counsel for<br>Borg Warner<br>Lockheed<br>Robert A. Keasby |
| Richard Leff, Esq.<br>McGivney & Kluger, PC<br>80 Broad St., 23rd Floor<br>New York, NY 10004 | Counsel for<br>Courter & Company<br>Treadwell Corp. |
| Kirsten Kneis, Esq.<br>Michael Waller, Esq.<br>Kirkpatrick & Lockhart Preston Gates Ellis<br>One Newark Center, 10th Floor<br>Newark, NJ 07102 | Counsel for<br>Crane Co. |
| William Mueller, Esq.<br>Clemente, Dickson & Mueller<br>218 Ridgedale Ave.<br>Morristown, NJ 07961 | Counsel for<br>Durabla Manufacturing |
| | |

| | |
|---|---|
| Scott R. Emery, Esq.<br>Lynch Daskal & Emery, LLP<br>264 W. 40th St.<br>New York, NY 10018 | Counsel for<br>Georgia Pacific<br>Goodyear Tire & Rubber |
| Laura B. Hollman, Esq.<br>McMahon Martine & Gallagher, LLP<br>90 Broad Street<br>New York, NY 10004 | Counsel for<br>Eastern Refractories Co. |
| Nancy McDonald, Esq.<br>McElroy, Deutch & Mulvaney<br>1300 Mt. Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075 | Counsel for<br>Cutler-Hammer<br>Eaton |
| Robert J. Cecala, Esq.<br>Aaronson Rappaport Feinstein & Deutsch LLP<br>757 Third Avenue<br>New York, NY 10017 | Counsel for<br>General Motors Corp. |
| Robert M. Gilmartin, Esq.<br>Sedgwick, Detert, Moran & Arnold, PC<br>Three Gateway Center, 12th Floor<br>Newark, NJ 07102 | Counsel for<br>Foster Wheeler<br>General Electric |
| John J. Fanning, Esq.<br>Cullen & Dykman, LLP<br>177 Montague St.<br>Brooklyn, NY 11201 | Counsel for<br>Goulds Pumps, Inc |
| Donald R. Pugliese, Esq.<br>McDermott, Will & Emery<br>340 Madison Avenue<br>New York, NY 10173-1922 | Counsel for<br>Honeywell International |
| Lisa M. Pascarella, Esq.<br>Pehlivanian, Braaten & Pascarella, LLC<br>Paynters Ridge Office Park<br>2430 Route 34<br>Manasquan, NJ 08736 | Counsel for<br>Ingersoll-Rand |
| Cynthia Weiss Antonucci, Esq.<br>Harris Beach PLLC<br>100 Wall Street<br>New York, NY 10005 | Counsel for<br>Kentile Floors |

| | |
|---|---|
| William Bradley, Esq.<br>Malaby & Bradley, LLC<br>150 Broadway, Suite 600<br>New York, NY 10038 | Counsel for<br>J.H. Refractories |
| Suzanne Halbardier, Esq.<br>BARRY McTIERNAN & MOORE<br>2 Rector St., 14th Floor<br>New York, NY 10005 | Counsel for<br>John Crane |
| James Smith, Esq.<br>Smith Abbott<br>48 Wall St., Suite 1100<br>New York, NY 10005 | Counsel for<br>Pneumo Abex |
| Daniel Moretti, Esq.<br>Landman Corsi Ballaine & Ford<br>120 Broadway, 27th Floor<br>New York, NY 10271 | Counsel for<br>Sequoia Ventures |
| Timothy J. McHugh, Esq.<br>Lavin, O'Neil, Ricci, Cedrone & Disipio<br>420 Lexington Ave., Suite 2900<br>New York, NY 10017 | Counsel for<br>3M |
| | |

# 5317047_v1

## DEFENDANTS SERVICE LIST
## MIRANDA V. ABEX CORPORATION, ET AL.

| | |
|---|---|
| American Refractories Co.<br>1250 Clarion Street<br>Reading, PA 19601 | Atlas Turner, Inc.<br>854 Blvd. Oullet West<br>Thetford Mines, Quebec G6G785 |
| Avocet Enterprises, Inc.<br>c/o SCN & R Registered Agent, Inc.<br>8000 Sears Tower<br>Chicago, IL 60606 | Boeing Integrated Defense Systems<br>2201 Seal Beach Boulevard<br>Seal Beach, CA 90740 |
| Bondex, Inc.<br>2 Maxwell Drive<br>Trenton, SC 29847 | CFM International, Inc.<br>1 Neuman Way<br>Cincinnati, OH 45215 |
| Crane Aerospace & Electronics<br>Keltec Operation<br>84 Hill Avenue NW<br>Fort Walton Beach, FL 32254 | Crane Pumps & Systems, Inc.<br>420 3rd Street<br>Piqua, OH 45356 |
| Crane Resistoflex Aerospace<br>2575 W. 5th Street<br>Jacksonville, FL 32254 | Dana Corporation<br>P.O. Box 1000<br>Toledo, OH 43697 |
| Dresser, Inc.<br>15455 Dallas Parkway<br>Addison, TX 75001 | Eaton Hydraulics, Inc.<br>111 Eighth Avenue<br>New York, NY 10011 |
| Enpro Industries, Inc.<br>c/o CT Corporation Systems<br>225 Hillborough Street<br>Raleigh, NC 27603 | Fay Spoffard & Thorndike of New York, Inc.<br>f/k/a Wolff & Munier, Inc.<br>111 John Street, Suite 245<br>New York, NY 10035 |
| GE Aviation Systems LLC<br>c/o Corporation System<br>111 Eight Avenue<br>New York, NY 10011 | General Dynamics<br>3190 Fairview Park Drive<br>Falls Church, VA 22042 |
| General Refractories Co.<br>225 City Avenue, Suite 114<br>Bala Cynwyd, PA 19004 | Goodrich Corporation<br>c/o Corporation Service Company<br>80 State Street<br>Albany, New York 12207-2543 |

| | |
|---|---|
| Graybar Electric Company, Inc.<br>34 N. Meramec Avenue<br>St. Louis, MO 53105 | Grimes Aerospace Company<br>550 Route 55<br>Urban, Ohio 43078 |
| Henkel Corporation<br>CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011 | Hercules Chemical Company, Inc.<br>111 South Street<br>Passaic, NJ 07055 |
| Hewlett Packard Company<br>P.O. Box 10301<br>Palo Alto, CA 94303 | Hitco Carbon and Composites, Inc.<br>1600W 135th Street<br>Gardena, CA 90249 |
| Lear Seigler Services, Inc.<br>3 Corbett Way<br>Eaton, NJ 07724 | Leslie Controls, Inc.<br>12501 Telecom Drive<br>Tampa, FL 33637 |
| Metropolitan Transportation Authority<br>347 Madison Avenue<br>New York, NY 10017 | Munaco Packing & Rubber Co., Inc.<br>325 West 16th Street<br>New York, NY 10011 |
| Nasco Air Brakes, Inc.<br>13300 Estrella Avenue<br>Gardena, California 90248 | Northrop Gruman Corporation<br>c/o CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011 |
| Old Orchard Corporation<br>208 SO LaSalle Street, Suite 814<br>Chicago, IL 60604 | Parker Aerospace<br>14300 Alton Parkway<br>Irvine, CA 92618 |
| Parker Hannafin Corporation<br>6035 Park Boulevard<br>Cleveland, OH 44124 | Pratt & Whitney<br>400 Main Street<br>East Hartford, CT 06108 |
| Railroad Friction Products Corp.<br>1001 Air Brake Avenue<br>Wilmerding, PA 15148 | Railroad Friction Products Corp.<br>c/o The Trust Corporation Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 |
| Rheaco, Inc.<br>1801 West Jefferson Street<br>Grand Prairie, TX 75051 | Rolls Royce Corporation<br>c/o CT Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |

| | |
|---|---|
| The Fairchild Corporation<br>1750 Tysons Boulevard, Suite 1400<br>McLean, VA 11102 | Triad International Maintenance Corp.<br>523 Radar Road<br>Greensboro, NC 27410 |
| Unisys Corporation<br>Unisys Way<br>Blue Bell, PA 19424 | United Technologies Corporation<br>United Technologies Building<br>Hartford, CT 06101 |
| Wayne Wire Cloth Products, Inc.<br>200 E. Dresden Street NW<br>Kalkraska, MI 49646 | Westinghouse Air Brake Co.<br>c/o CT Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| | |

# 5311391_v3