UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ERNESTO MIRANDA AND DIANA MIRANDA,  : Index No. 08 CV 4231

                       Plaintiffs,  :

        - against -  : **ANSWER OF DEFENDANT**
                                                     **NASCO AIRCRAFT BRAKE, INC.**

ABEX CORPORATION, et al.,  :

                       Defendants.  :

------------------------------x

      Defendant Nasco Aircraft Brake, Inc. ("NASCO"), erroneously named as Nasco Air Brakes, Inc., by its attorneys, BRYAN CAVE LLP, in answer to the Complaint dated March 21, 2008, responds as follows:

      1.    NASCO denies each and every allegation contained in paragraph 1 as they pertain to NASCO, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 and, to the extent the allegations in paragraph 1 pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

      2.    NASCO denies knowledge or information sufficient to form a belief as to the truth of this allegation.

      3.    NASCO denies each and every allegation contained in paragraph 3 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

      4.    No response to these allegations is required.

      5.    NASCO denies each and every allegation contained in paragraph 5 as they pertain to NASCO, except admits that it has transacted business in New York and, to the extent

such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

6. NASCO denies each and every allegation contained in paragraph 6 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

7. NASCO denies each and every allegation contained in paragraph 7 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

8. NASCO denies each and every allegation contained in paragraph 6 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

9. NASCO denies each and every allegation contained in paragraph 7 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

10-22. NASCO denies each and every allegation contained in paragraphs 10-22 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A FIRST CAUSE OF ACTION
SOUNDING IN NEGLIGENCE

23. NASCO repeats and realleges each and every response to paragraphs "1" through "22" of the Complaint as if fully set forth herein.

24-32. NASCO denies each and every allegation contained in paragraphs 24-32 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant,

NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A SECOND CAUSE OF ACTION
SOUNDING IN STRICT PRODUCTS LIABILITY

33.    NASCO repeats and realleges each and every response to paragraphs "1" through "32" of the Complaint as if fully set forth herein.

34-36.    NASCO denies each and every allegation contained in paragraphs 34-36 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A THIRD CAUSE OF ACTION
FOR LOSS OF SERVICES, SOCIETY AND CONSORTIUM

37.    NASCO repeats and realleges each and every response to paragraphs "1" through "36" of the Complaint as if fully set forth herein.

38-39.    NASCO denies each and every allegation contained in paragraphs 38-39 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A FOURTH CAUSE OF ACTION
FOR PUNITIVE DAMAGES

40.    NASCO repeats and realleges each and every response to paragraphs "1" through "39" of the Complaint as if fully set forth herein.

41-42.    NASCO denies each and every allegation contained in paragraphs 41-42 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant,

NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

### FIRST AFFIRMATIVE DEFENSE

43. The claims asserted by Plaintiffs against NASCO fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44. Some or all of the claims against NASCO are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

45. The claims against NASCO are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

46. The claims against NASCO are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

47. NASCO owed no duty of care to Plaintiffs. If NASCO did owe a duty of care to Plaintiffs, it did not breach any such duty.

### SIXTH AFFIRMATIVE DEFENSE

48. Any injuries or damages suffered or asserted by Plaintiffs resulted, in whole or in part, from intervening or superseding causes, including but not limited to, Plaintiffs' own actions or inactions.

### SEVENTH AFFIRMATIVE DEFENSE

49. NASCO, at all relevant times, acted in good faith and with reasonable and appropriate care.

### EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred by Plaintiffs' express assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries.

### TENTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred by Plaintiffs' implied assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries.

### ELEVENTH AFFIRMATIVE DEFENSE

53. The injuries allegedly suffered by Plaintiffs, if any (which injuries are specifically denied by NASCO), were the result of culpable conduct or fault of third persons whose conduct NASCO is not legally responsible, and the damages recovered by Plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of NASCO (which liability is vigorously and specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of NASCO for non-economic loss does not exceed NASCO's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR sections 1601 through 1603.

### TWELFTH AFFIRMATIVE DEFENSE

54. Insofar as the Complaint, and each cause of action considered separately, allege a cause of action accruing after September 1, 1975 to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to Plaintiffs, including contributory negligence and assumption of

5

the risk, in the proportion which the culpable conduct attributable to the Plaintiffs bears on the culpable conduct which caused the damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

55.     Insofar as the Complaint, and each cause of action considered separately, allege a cause of action accruing before September 1, 1975, each such cause of action is barred by reason of the culpable conduct attributable to Plaintiffs, including contributory negligence and assumption of the risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

56.     Any and all injuries and damages allegedly suffered by Plaintiffs were solely and proximately caused by the abuse or misuse by Plaintiffs and/or others of the product(s) in question, which abuse and misuse was not reasonably foreseeable, thereby barring Plaintiffs from any recovery from NASCO.

### FIFTEENTH AFFIRMATIVE DEFENSE

57.     At all times relevant to the alleged conditions, conduct or injuries, Plaintiffs had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries because any such risk or danger was open, obvious and apparent to Plaintiffs, they appreciated the danger or risk, and they voluntarily assumed any such danger or risk.

### SIXTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiffs' claims are barred because they failed and refused to mitigate their alleged damages and losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

59.     The plans or designs, method or technique of manufacturing, assembling, testing, and labeling any product alleged in the Complaint to have caused all or part of Plaintiffs'

6

alleged damages conformed with the state of the art at the time any such product was designed, manufactured and/or sold by NASCO, and there was no generally accepted or recognized knowledge of any unavoidable, unsafe, inherently dangerous, or hazardous character or nature of asbestos containing material when used in the manner and purpose allegedly described by the Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

60. The benefits of the design of the product(s) in question outweigh any risk associated with said product(s), if any risk there actually was, which NASCO denies.

### NINETEENTH AFFIRMATIVE DEFENSE

61. The actions of NASCO were in conformity with the state of the medical, industrial, and scientific arts, so that there was no duty to warn Plaintiffs under the circumstances, or to the extent such a duty arose, NASCO provided adequate warnings, labels and/or instructions concerning any product in question. If those warnings, labels and/or instructions were not made available or heeded, it is the fault of others and not NASCO.

### TWENTIETH AFFIRMATIVE DEFENSE

62. Plaintiffs have failed to join all necessary and indispensable parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

63. NASCO did not design and/or manufacture some or all of the products alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

64. At no time relevant herein was Plaintiff exposed to any asbestos from products designed or manufactured by NASCO.

TWENTY-THIRD AFFIRMATIVE DEFENSE

65.     NASCO made no express or implied representations or warranties of any kind to Plaintiffs.  To the extent that the alleged representations or warranties were made, they were made by persons or entities other than NASCO.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

66.     Plaintiffs did not rely upon any representations or warranties made by NASCO.  To the extent Plaintiffs relied upon any alleged representations or warranties, such reliance was unjustified.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

67.     As to all causes of action pleaded in the Complaint which are based upon express or implied warranties and/or representations, the alleged breaches thereof as against NASCO are legally insufficient by reason of their failure to allege privity of contract between the Plaintiffs and NASCO.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

68.     In the event that any breach of warranty is proven, Plaintiffs failed to give proper and prompt notice of any such breach of warranty to NASCO.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

69.     Any exposure by Plaintiff to any of NASCO's product was so minimal as to be insufficient, as a matter of law, to have constituted a substantial factor in causing any asbestos-related disease.  NASCO did not violate any state or federal statute, regulation or ordinance to cause Plaintiffs' alleged injuries.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

70.     Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as

Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that such claims are barred by the doctrine known as the "Government Contractor Defense" adopted by the United States Supreme Court in the case of <u>Boyle v. United Technologies Corp.</u>, 108 S. Ct. 2510 (1988).

TWENTY-NINTH AFFIRMATIVE DEFENSE

71.     Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that any military products made by NASCO were procured by the United States Government, which was sophisticated and knowledgeable concerning the use of, and any potential hazards of, asbestos products.  NASCO reasonably relied upon the sophistication of the United States Government and is not responsible for any failure of the United States Government to warn or take proper precautions for the protection of its own employees or civil servants, including Plaintiff.

THIRTIETH AFFIRMATIVE DEFENSE

72.     Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that any products manufactured by NASCO which incorporated asbestos-containing materials alleged to have been a cause of any disease contracted by Plaintiff was manufactured under and in conformity with the direction and control of the United States Government, which at all times material hereto had knowledge superior to that of NASCO with respect to the potential hazards of asbestos products; accordingly, no liability can be imposed upon NASCO.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

73. Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that NASCO satisfied any duty to warn by providing the United States Government with detailed specifications of each and every one of its products to which Plaintiff was allegedly exposed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

74. NASCO was not the owner, occupier or controller of any premises at which, or materials from which, Plaintiff claims he was exposed to any asbestos.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

75. Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that Plaintiffs' claims are barred by the derivative sovereign immunity defense doctrine under Yearsley v. W.A. Ross Construction Co., 309 U.S. 18 (1940).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

76. The claims are barred because the actions or omissions of NASCO, if any, were de minimis and did not proximately cause any of Plaintiffs' alleged damages, injuries, or expenses. If NASCO is established to have taken any actions or omissions pertinent to the allegations of Plaintiffs' Complaint, Plaintiffs' claims are nevertheless barred by the doctrine of de minimis non curat lex.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

77. Any injuries resulting from the use of or exposure to asbestos were not foreseeable to NASCO given the state of knowledge and state of the art at the time of any alleged action or omission of NASCO, and all such actions or omissions of NASCO were non-tortious.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

78. No action or inaction of NASCO involved the manufacturing, distribution or sale of asbestos or asbestos products. The alleged hazards or dangers, if any, were created by the conduct of others for whom NASCO bears no responsibility.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

79. In the event Plaintiffs recover a verdict or judgment against NASCO, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have replaced or indemnified or will, with reasonable certainty, replace or indemnify Plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

80. To the extent Plaintiffs have released or otherwise settled with any other person, NASCO will be entitled to have any claim for damages asserted against it reduced to the extent permitted by operation of New York General Obligations Law § 15-108 or any other applicable law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

81. In the event Plaintiff Ernesto Miranda was employed by any other defendants herein, then Mr. Miranda's sole and exclusive remedy is under the Workers' Compensation Laws.

C040107/0219584/1482922.2

### FORTIETH AFFIRMATIVE DEFENSE

82. The product(s) in question, if any, was/were modified by persons other than NASCO after leaving NASCO's custody and control and before the incidents alleged in the Complaint, and said modifications were the proximate cause of Plaintiffs' alleged injury, thereby barring any and all claims against NASCO.

### FORTY-FIRST AFFIRMATIVE DEFENSE

83. Any oral warranties upon which Plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds, or other applicable rules of evidence.

### FORTY-SECOND AFFIRMATIVE DEFENSE

84. The claims for damages have not accrued and are merely speculative, uncertain and contingent.

### FORTY-THIRD AFFIRMATIVE DEFENSE

85. Plaintiffs' action is barred under the statute of repose found in the General Aviation Revitalization Act of 1994 ("GARA"), 49 U.S.C. § 40101.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

86. The design, manufacture, production and use of the parts or components (which Plaintiffs allege were defective and for which the seek to hold NASCO liable for damages) was approved and certified by the Federal Aviation Administration pursuant to federal statute, and all causes of action against NASCO are pre-empted by the supremacy clause (Article VI, Clause 2) of the United States Constitution.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims are pre-empted by federal law contained within the Federal Aviation Act and the Federal Aviation Regulations.

## AS AND FOR A CROSS-CLAIM AGAINST
## EACH AND EVERY CO-DEFENDANT

NASCO alleges upon information and belief that if Plaintiffs sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that NASCO is liable to Plaintiffs herein, all of which is specifically denied, then NASCO on the basis of the contract, either expressed or implied by law and/or by equitable apportionment of responsibility for the alleged occurrence, is entitled to common law indemnification or contribution from and judgment over and against some or all of the co-defendants in this action for all or part of any verdict or judgment that Plaintiffs may recover against said answering defendant.

WHEREFORE, NASCO denies that Plaintiffs are entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A. Dismissing all claims stated in the Complaint against Defendant NASCO with prejudice;

B. In the event of any judgment over and against NASCO, for judgment in contribution and/or indemnity against any and all co-defendants found liable to Plaintiffs in accordance with the principles of fault and apportionment; and

C. Awarding to NASCO such other and further relief as the Court may deem just and proper.

C040107/0219584/1482922.2

Dated: New York, New York
       May 14, 2008

                                                Respectfully Submitted,

                                                BRYAN CAVE LLP

                                                By:  /s/ James M. Altman
                                                          James M. Altman, Esq.
                                                          David Bloomberg, Esq.
                                                          Christopher R. Strianese, Esq.

                                              1290 Avenue of the Americas
                                              New York, NY 10104-3300
                                              Phone:  (212) 541-2000
                                              Facsimile:  (212) 541-1413

                                              *Attorneys for Defendant*
                                              *Nasco Aircraft Brake, Inc.*

**CERTIFICATE OF SERVICE**

      I, Christopher R. Strianese, hereby certify, under penalty of perjury, that on May 14, 2008, I caused the foregoing **ANSWER OF DEFENDANT NASCO AIRCRAFT BRAKE, INC.** and **ANSWER OF DEFENDANT THE BOEING COMPANY**, to be served upon the parties listed in Service List A and in Service List B in the manner described for each list, respectively.

                        /s/ Christopher R. Strianese
                           Christopher R. Strianese

1

## SERVICE LIST A

**Served via U.S. Mail**

Levy Phillips & Konigsberg, LLP
800 Third Avenue - 13th Floor
New York, New York 10022
Attn: Patrick J. Timmins, Esq.

*Attorneys for Plaintiffs*

Alcoa, Inc.
c/o Corporate Service Co.
80 State Street
Albany, NY  12207-2543

American Refractories Co.
1250 Clarion Street
Reading, PA 19601

Anchor Packing Company
120 East Avenue, Suite 101
Rochester, NY  14604-7356

Atlas Turner, Inc.
854 Boulevard Oullet West
Thetford Mines, Quebec G6G785
CANADA

A. W. Chesterton Co., Inc.
Middlesex Industrial Park
Route 93
Stoneham, MA  02180

Boeing Integrated Defense Systems
2201 Seal Beach Boulevard
Seal Beach, CA  90740-5603

Borg Warner Corporation
3850 Hamlin Road
Auburn Hills, MI  48326

Canadian Commercial Corporation
50 O"Connor Street, 11th Floor
Ottawa, Ontario K1AOS6
CANADA

CFM International, Inc.
1 Neuman Way
Cincinnati, OH  45215-0514

Crane Aerospace & Electronics
Keltec Operation
84 Hill AVenue NW
Fort Walton Beach, FL  32254-3858

Durametalic Corporation
5215 N. O'Connor Boulevard
Suite 2300
Irving, TX  75039

Eastern Refractories Corporation
c/o Laura B. Hollman, Esq.
McMahon Martine & Gallagher
90 Broad Street, 14th Floor
New York, NY  10004

Enpro Industries, Inc.
c/o CT Corporation Systems
225 Hillborough Street
Raleigh, NC  27603

Eaton Corporation
CT Corporation System
111 Eighth Avenue
New York, NY  10011

Eaton Hydraulics, Inc.
111 Eighth Avenue
New York, NY  10011

Fay Spoffard & Thorndike of New York, Inc.
111 John Street, Suite 245
New York, NY  10035

Foster Wheeler Energy Corporation
Perryville Corporate Park
P. O. Box 4000
Clinton, NJ  08809

General Dynamics
3190 Fairview Park Drive
Falls Church, VA  22042

Henry J. King, Jr., Esq.
Managing Attorney
General Electric Corporation
Electric Insurance Company
152 Conant Street
Beverly, MA  01915

General Motors Corporation
c/o CT Corporation
111 Eighth Avenue
New York, NY  10011

General Refractories Co.
225 City Avenue, Suite 114
Bala Cynwyd, PA  19004

Georgia-Pacific Corporation
133 Peachtree Street, N.E.
Atlanta, GA  30303

Graybar Electric Company, Inc.
34 N Meramec Avenue
St. Louis, MO  63105

Grimes Aerospace Company
550 Route 55
Urbana, OH  43078

Henkel Corporation
CT Corporation System
111 Eighth Avenue
New York, NY  10011

Hercules Chemical Company, Inc.
111 South Street
Passaic, NJ  07055

Hewlett Packard Company
P. O. Box 10301
Palo Alto, CA  94303-0890

Crane Co.
c/o CT Corporation System
111 Eighth Avenue
New York, NY  10011

Dana Corporation
P.O. Box 1000
Toledo, OH  43697-1000

Durabla Manufacturing Company
790 East Market Street, #235
West Chester, PA  19382

Hitco Carbon and Composites, Inc.
1600 West 135th Street
Gardena, CA  90249

Ingersoll-Rand Company
200 Chestnut Ridge Road
Woodcliff Lake, NJ  07674

J. H. France Refractories Co.
P.O. Box 276, 895 Clarence Road
Snow Shoe, PA  16874-0276

John Crane, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, NY  10011

Sandy Gropper
Insurance Claims Administrator
Kentile Floors, Inc.
31 East 28th Street
New York, NY  10016

Lear Seigler Services, Inc.
3 Corbett Way
Eatontown, NJ  07724

Leslie Controls, Inc.
12501 Telecom Drive
Tampa, FL  33637

3

Lockheed Martin Corporation
6801 Rockledge Drive
Bethesda, MA  20817

Metropolitan Transportation Authority
347 Madison Avenue
New York, NY  10017

Munaco Packing & Rubber Co., Inc.
325 West 16th Street
New York, NY  10011-5936

Northrop Gruman Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, NY  10011

Old Orchard Corporation
208 SO LaSalle Street, Suite 814
Chicago, IL  60604-1101

Parker Aerospace
14300 Alton Parkway
Irvine, CA  92618-1814

Parker Hannifin Corporation
6035 Park Boulevard
Cleveland, OH  44124-4141

Pneumo Abex Corporation
c/o The Prentice Hall Corp. System Inc.
80 State Street
Albany, NY  12207

Pratt Whitney
400 Main Street
East Hartford, CT  06108-0968

Railroad Fraction Products Corp.
1001 Air Brake Avenue
Wilmerding, PA  15148

Railroad Friction Products Corp.
c/o The Trust Corporation Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Rheaco, Inc.
1801 West Jefferson Street
Grand Prairie, TX  75051-1328

Robert A. Keasbey Co.
c/o Anna DiLonardo, Esq.
Weiner Lesniak, LLP
888 Veterans Memorial Highway, Suite 540
Hauppauge, NY  11788

Rolls Royce Corporation
c/o CT Corporation Service Company
80 State Street
Albany, NY  11207

The Fairchild Corporation
1750 Tysons Boulevard, Suite 1400
McLean, VA  11102

Treadwell Corporation
c/o Chuck McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, NY  10004

Triad International Maintenance
Corporation
623 Radar Road
Greensboro, NC  27410

Unisys Corporation
Unisys Way
Blue Bell, PA  19424-0001

United Technologies Corporation
United Technologies Building
Hartford, CT  06101


Wayne Wire Cloth Products, Inc.
200 East Dresden Street NE
Kalkraska, MI  49646

Metropolitan Transportation Authority
347 Madison Avenue
New York, NY  10017

4

C040107/0219584/1483533.1

Courter & Company, Inc.
Richard Leff, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, NY  10004

Avocet Enterprises, Inc.
c/o SCN & R Registered Agent, Inc.
8000 Sears Tower
Chicago, IL  60606

Crane Resistoflex Aerospace
2575 West 5th Street
Jacksonville, FL  32254-2066

Garlock, Inc.
c/o CT Corp.
111 Eighth Avenue
New York, NY  10011

Crane Pumps & Systems, Inc.
420 3rd Street
Piqua, OH  45356-3918

GE Aviation Systems LLC
c/o Corporation System
111 Eighth Avenue
New York, NY  10011

5

## SERVICE LIST B

### Served via Secretary of State

Abex Corporation f/k/a American Brake Show Company;

American Refractories, Inc.;

Bondex Incorporated;

Carrier Corporation;

Cutler Hammer n/k/a Eaton Electrical, Inc.;

Dresser Industries, Inc.;

Goodrich Corporation f/k/a B.F. Goodrich Company;

Goodyear Tire & Rubber;

Goulds Pumps Incorporated;

Honeywell International, Inc. f/k/a Alliedsignal, Inc.;

Sequoia Ventures, Inc. f/k/a Bechtel Corporation;

Westinghouse Air Brake Co.;

3M Company f/k/a Minnesota Mining & Manufacturing Co.

C040107/0219584/1483533.1